IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| REX BAGLEY,<br><br>              Plaintiff,<br><br>v.<br><br>WEST VALLEY CITY, et al.,<br><br>              Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR OFFICIAL SERVICE OF PROCESS<br><br><br><br>Case No. 2:13-CV-897 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff Rex Bagley's Motion for Appointment of Counsel and Motion for Official Service of Process. For the reasons discussed below, the Court will deny both Motions and direct Plaintiff to file an Amended Complaint.

I.  BACKGROUND

Plaintiff filed this action on October 2, 2013. Defendant brings a number of claims against West Valley City, the West Valley City Police Department, various city officials, certain West Valley City police officers, and private individuals. Plaintiff now seeks the appointment of counsel and for a Court order directing service of process.

II.  DISCUSSION

A.    MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has no constitutional right to counsel.[1] However, the Court may in its discretion appoint counsel.[2] "The burden is upon the applicant to convince the court that there is sufficient

---

[1] See *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

merit to his claim to warrant the appointment of counsel."[3] When deciding whether to appoint counsel, the Court considers a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[4]

Considering the above factors, the Court concludes appointment of counsel is not warranted at this time. On initial review, the Court finds that Plaintiff's claims may not be meritorious, the factual issues are relatively straightforward, Plaintiff has the ability to present his claims, and the legal issues are not complex. Thus, the Court will deny Plaintiff's motion for appointed counsel at this time.

B.  MOTION FOR OFFICIAL SERVICE OF PROCESS

Plaintiff also seeks official service of process pursuant to 28 U.S.C. § 1915. Section 1915 permits the Court to issue and serve all process.[5] However, the Court may dismiss the case if it determines that it fails to state a claim upon which relief may be granted.[6] Having reviewed Plaintiff's Complaint, the Court finds that it suffers from a number of deficiencies that must be corrected before service is appropriate.

Plaintiff's Complaint purports to bring claims against West Valley City. To establish municipal liability under 42 U.S.C. § 1983, "a plaintiff must show (1) the existence of a

---

[2] 28 U.S.C. § 1915(e)(1).

[3] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[4] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

[5] 28 U.S.C. § 1915(d).

[6] *Id.* § 1915(e)(2)(B)(ii).

municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged."[7]  Municipal entities cannot be held liable under § 1983 based on the doctrine of respondeat superior.[8]  In this case, Plaintiff has failed to allege any direct causal link between his alleged injuries and any custom or policy of West Valley City.  Therefore, any claims against the city would be subject to dismissal.

Plaintiff next brings claims against the West Valley City Police Department.  As a subordinate agency of West Valley City, the West Valley City Police Department is not a separate legal entity with the capacity to sue or be sued.[9]  Therefore, any claims against the police department will be considered claims against the city.  As set forth above, there are insufficient allegations to support a claim against the city.

Plaintiff appears to assert claims against a number of individuals based upon their respective roles within the West Valley City government, such as the mayor, acting chief of police, city attorney, city manager, assistant city attorney, risk manager, workers' compensation specialist, and administrative assistant.  "Section 1983 does not authorize liability under a theory of respondeat superior."[10]  "Instead, to establish supervisory liability, a plaintiff must show that '(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3)

---

[7] *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996).

[8] *Cannon v. City & Cnty. of Denver*, 998 F.2d 867, 877 (10th Cir. 1993).

[9] *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir.1992).

[10] *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011).

acted with the state of mind required to establish the alleged constitutional deprivation.'"[11] Plaintiff's allegations against these individuals fall short.

Further, "[a] § 1983 claim requires personal involvement in the alleged constitutional violation."[12] Plaintiff purports to name a number of individuals in his Complaint, but fails to provide allegations that these individuals had personal involvement in any alleged constitutional violation.

In addition to the claims against individuals associated with West Valley City, Plaintiff asserts claims against private individuals, including his landlord and co-tenant. "Only a defendant acting 'under color of state law' may violate section 1983."[13] There are no allegations that these private individuals were acting under color of state law. Therefore, any § 1983 claims against them would be subject to dismissal.

Finally, Plaintiff brings a number of claims that are not cognizable under § 1983. For example, Plaintiff purports to bring claims asserting criminal violations as well as claims for intentional torts. However, under § 1983, Plaintiff must allege a violation of the "rights, privileges, or immunities secured by the Constitution and laws [of the United States]."[14] It is unclear whether these claims are brought instead of or in addition to Plaintiff's § 1983 claims.

---

[11] *Id.* (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010)).

[12] *Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012) (internal quotation marks omitted).

[13] *Warner v. Grand Cnty.*, 57 F.3d 962, 964 (10th Cir. 1995).

[14] 42 U.S.C. § 1983.

Because of these deficiencies, service of process is not appropriate at this time. The Court directs Plaintiff to file an Amended Complaint within thirty (30) days to cure the deficiencies discussed in this Order. Failure to do so may result in dismissal of this action.

III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Appointment of Counsel (Docket No. 4) is DENIED. It is further

ORDERED that Plaintiff's Motion for Official Service of Process (Docket No. 5) is DENIED.

Plaintiff is directed to file an Amended Complaint within thirty (30) days of this Order.

DATED this 22nd day of November, 2013.

BY THE COURT:

Ted Stewart
United States District Judge